JASPER RIMES, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—BREAKING AND ENTRY OF BUILDING—DESCRIPTION OF BUILDING IN INDICTMENT.

In an indictment predicated upon Section 2435 of the Revised Statutes for the breaking and entry in the night time or in the day time of any other building than a dwelling house or other house within the curtilage of a dwelling house with intent to commit a felony, it is not necessary expressly to allege that such building is not a dwelling house or house within the curtilage of the dwelling house, but when the building entered does not belong to the dwelling house class, it is sufficient to describe it in the indictment by any apt words of description showing that it is a *building*, such, for example, as "store house," "office," "shop," and the like, which general description will sufficiently negative the idea that such building may belong to the dwelling house class.

Writ of Error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*A. J. Henry*, for Plaintiff in Error.

The indictment of this case was found by the grand jury of Columbia county at the Spring term, 1894, of the Circuit Court of said county. The prisoner was arraigned and tried at the same term and a verdict of guilty rendered. The defendant moved for a new trial,

which motion was overruled by the court and the defendant sentenced to the penitentiary of the State for the period of three years.　See page 5.

The defendant brings the case here on writ of error and assigns for error as follows:

1st.　The court erred in requiring a plea of the defendant upon the indictment.

2d.　The court erred in passing sentence and entering judgment of guilty upon the indictment and record.

3d.　The court erred in overruling the defendant's motion for a new trial.

This is a prosecution under section 2435, Revised Statutes of Florida.　It is sought to charge in the indictment a breaking and entering in the night time a building other than a dwelling house or any other building or structure within the curtilage of a dwelling house, with intent to commit a felony, the larceny of personal property of the value of more than $100.00 therefrom.

Section 2435, so far as necessary to quote, reads as follows:

"OTHER BUILDING, SHIP OR VESSEL — Whoever breaks and enters any other building," etc., obviously referring to the preceding section, 2434, for only by reading section 2435 in connection with 2434 are we enabled to know what kind of a building is meant, the breaking and entering whereof with intent to commit a felony comes within the provision and incurs the penalty prescribed by 2434.

The indictment charges that "Jasper Rimes and Joseph Jones—on the first day of November, A. D. 1893,—did in the night time of said day break and enter a building there being and situate, to-wit:　The store house of Mrs. K. V. Crowley and F. S. Waltz, with intent there and then to take, steal and carry

:away one bolt," etc. The contention we make under the first and second assignments of error, is that the indictment does not allege all the facts and circumstances which constitute the offense—which is essential under the oftrepeated doctrine of this court. Humphry vs. State, 14 Fla. 381; Hamilton vs. State, 29 Fla. 229; 1st Bish. Cr. Pro., sec. 519.

And the allegation is not as broad as the punishment to be inflicted; to sustain the conviction in this case would be to violate fundamental law. 1st Bisch. Cr. Pro., sec. 77–84.

The indictment alleges only the circumstances of the breaking and entering a building in the night time with intent to steal, take and carry away certain articles of personal property aggregating more than $100. One circumstance of such a breaking and entering would be that the building should not be a dwelling house nor any other building within the curtilage of a dwelling house, and the indictment in this case should show that the store house was not such dwelling house or other as mentioned in section 2434, above.

Another circumstance would be that the goods intended to be stolen were WITHIN the building, for without such statement the court and jury would be unable to determine whether the breaking and entering was an act within the line of the intent alleged.

As far as the indictment goes it charges the act in the language of the statute. I submit that a conviction and punishment under this indictment would not protect the plaintiff in error from subsequent persecution for the same offense, in that in another indictment an allegation of breaking and entering the same building with intent to commit larceny by stealing THEREFROM goods of the value of more than $100 would not be barred by this prosecution, or, in other words, to

charge the offense in the very words of the statute 2435 is not sufficient in this case as in Reyes vs. State, 34 Fla. 181; Ladd vs. State, 17 Fla. 215.

Under the third assignment of errors if the manifest and multitudinous errors in the charge of the court to the jury cannot be considered because not excepted to at the trial, or in the motion for new trial, still the verdict is contrary to the law and the evidence. Contrary to law because founded upon an insufficient indictment, and contrary to the evidence because not founded upon sufficient evidence. The evidence does not show that the alleged breaking was in the night time. The witness Wolt, page 8 and 9, says the store was closed when he left that night, and opened in the morning. He does not show what time in the morning the store was found to be open. Then the possession of property proved to have been stolen was not so recent, from November 1st to December 24th, 1893, see Mrs. F. S. Wolz' testimony, page 10, as to preclude the idea of some one else than the defendant and Joseph Jones having committed the larceny. See 12 Am. Eng. Ency. of L. and Eq. 846, note 1.

The case is submitted with confidence that the judgment will be reversed.

*The Attorney-General* for Defendant in Error.

BRIEF OF ATTORNEY-GENERAL.

As to the first and second assignments of error we cite Bishop on Criminal Procedure, vol. 1. sec. 638. "Fourthly, As on the common law, so on a statute, the indictment need not negative what is mere matter of defense." Thompson vs. The State, 54 Miss. 740; United States vs. Cook, 17 Wall. 168.

As to the third assignment of error we say that the jury has passed on the evidence in the case and we see no reason for disturbing the verdict.

TAYLOR, J.:

The plaintiff in error was indicted, tried and convicted at the Spring term, 1894, of the Circuit Court for Columbia county, of the crime of breaking and entering a building in the night time with intent to commit the felony of larceny of goods exceeding one hundred dollars in value, and was sentenced to three years' confinement in the State penitentiary, and seeks a reversal of this judgment and sentence by writ of error to this court.

The errors assigned are: 1st. That the court erred in requiring a plea of the defendant upon the indictment. 2d. The court erred in passing sentence and entering judgment of guilty upon the indictment and record. 3d. The court erred in overruling the defendant's motion for a new trial.

To sustain the first and second of these assignments it is contended that as the indictment is predicated upon section 2435 of the Revised Statutes, that provides as follows: "Whoever breaks and enters any other building or any ship or vessel either in the day time, with intent to commit a felony, or after having entered with such intent, breaks such other building, ship or vessel, shall be punished," etc., that it should have expressly alleged that the building it charges to have been broken and entered was not a dwelling house or any other of the buildings mentioned in section 2434 of the Revised Statutes, immediately perceding the section under which the indictment was found, for the criminal breaking and entry of which a severer penalty is prescribed. There is no merit in this con-

tention.    The indictment charges in express terms that
the building entered was a "store house."    This suffi-
ciently identifies the building as not being a dwelling
house.    If at the trial the State had undertaken under
this indictment to introduce proof to make out a case
of the burglary of the dwelling house, the proof would
have been clearly inadmissible, because the "dwelling
house" feature necessary to the crime provided for un-
der section 2434 of the statute is entirely absent from
the indictment.    If the State wishes to charge the ac-
cused under the provisions of section 2434, then the in-
dictment should by apt words describe or identify the
building broken and entered as being one of the par-
ticular character mentioned in that section, but when
the building does not belong to that particular class, it
is sufficient to describe it, under section 2435, in the
indictment by any apt words of description showing
that it is a "building," such, for example, as "store
house," "office," "shop," and the like.    The indict-
ment here charges the offense substantially in the lan-
guage of the statute, and we think it is sufficient.

It is contended under the third assignment of error
that the court erred in overruling the defendant's mo-
tion for a new trial.    The motion for new trial was upon
the ground that the verdict was not supported by the
evidence, and was contrary to law.    The evidence, we
think, abundantly sustains and justifies the verdict
found.    It shows, without conflict, that the store house
as alleged was broken open and entered in the night
time, as alleged, and goods of over one hundred dol-
lars in value stolen therefrom, a large part of which
goods were within fifty-five days thereafter found in
the possession of the defendant, and in the possession
of several other persons to whom he had sold them at
greatly reduced prices, with no prompt attempt upon

his part to account for his possession thereof when such possession was first discovered, but, on the contrary, there were suspicious circumstances shown tending to prove a guilty concealment of his possession thereof. Leslie vs. State, 35 Fla. 171, 17 So. Rep. 555; Tilly vs. State, 21 Fla. 242. As this court has heretofore held in repeated cases, the guilt of the accused does not follow as a *presumption of law* from the unexplained possession of goods recently stolen, but the presumption of guilt in such a case is one that the jury can infer as a matter of *fact*, of which they are the sole judges, to be considered in connection with all the other circumstances in each particular case. The jury have passed upon the facts here, and we see nothing in the record to disturb their finding. The judgment is, therefore, affirmed.