A. C. TESTON, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Under the title "An Act in Relation to the Crime of Embezzlement" the Legislature may enlarge the crime so as to embrace therein a class of persons of equal moral guilt with those theretofore included and prescribe a rule of pleading for the indictment.

2. The word "embezzle" and the phrase "fraudulently convert to his own use" having acquired a technical meaning it is sufficient to allege the crime denounced in Chap. 5160, Laws of 1903, in the language of the statute.

3.  In an information for embezzlement under Chapter 5160, Laws of 1903, against a treasurer of an unincorporated society it is not necessary to allege a want of consent of the owners, nor a demand and refusal to pay, nor that his term of office had expired.

4.  On the trial of the treasurer of an unincorporated society for embezzlement, the defendant should be permitted on cross-examination of a State's witness, a member of the society, to ask the witness his understanding as to the action of a guaranty company in which the treasurer was bonded, and its refusal to indemnify the loss unless the accused be convicted; such testimony might tend to show bias and interest.

5.  When testimony tending to show that one accused of embezzlement was in straightened circumstances shortly prior to the alleged act, he should be permitted fully and freely to disclose his financial condition at that time, without comments from the court limiting and confining his testimony solely to "the purpose of showing a part of his personal history" or as "tending to show his personal history in connection with the questions asked by the Solicitor, nothing else."

6.  The allowance of leading questions is within the discretion of the trial court and not subject to review.


This case was decided by Division A.


Writ of error to the Criminal Court of Record for Hillsborough county.


The facts in the case are stated in the opinion of the Court.


*J. J. Lunsford,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

COCKRELL, J. An information was filed in the Criminal Court of Record for Hillsborough county on the 13th day of February, 1905, charging that A. C. Teston, whose christian name is to the Solicitor unknown, on the 2nd day of January, A. D. 1905, in the county of Hillsborough, Florida, "being then and there the treasurer of the Carriage and Wagon Workers Union number one hundred fifteen, a voluntary association composed of the said A. C. Teston, one H. L. Phillips and S. C. Cobb, whose christian names are to the solicitor unknown, and divers other persons whose names are to the solicitor unknown did then and there receive into his possession by reason of his office as treasurer as aforesaid one hundred and ninety six dollars in money current in the United States, a further description of which is to the solicitor unknown, of the value of one hundred and ninety six dollars, of the property of the Carriage and Wagon Workers Union, number one hundred and fifteen as aforesaid, and did then and there unlawfully, feloniously and fraudulently convert the one hundred and ninety six dollars in money as aforesaid to his own use against the forms," etc.

Upon arraignment the defendant pleaded not guilty, was tried and a verdict of guilty rendered. Motions in arrest of judgment and for a new trial were duly made and overruled, and to the sentence imposed this writ of error was prosecuted.

The plaintiff in error has complied with the order heretofore made by us in this cause, by filing here a proper typewritten transcript of the bill of exceptions.

The grounds of the motion in arrest of judgment, which are insisted on, may be briefly summarized as follows: The information charges no crime, does not allege the defendant's term of office had expired, nor that there was

any proper person to demand or receive the funds; nor a refusal to turn the funds over to the proper person, nor that the funds were withheld without the consent of the owners; nor that the defendant had made use of the funds inconsistent with the rights of the owners, and that Chapter 5160 of the Laws of 1903 is unconstitutional.

We shall first consider the last ground for if Chapter 5160, under which the information must have been found is void, the case is ended. The Chapter consists of but two sections, and is as follows:

"AN ACT in Relation to the Crime of Embezzlement.

*Be it Enacted by the Legislature of the State of Florida*:

Section 1. If any officer, agent, clerk, servant or member of any incorporated company, or if any officer, clerk, servant, agent or member of any co-partnership, society or voluntary association; or if any clerk, agent or servant of any person, embezzles or fraudulently disposes of, or converts to his own use, or takes or secretes with intent so to do anything of value which has been entrusted to him, or has come into his possession, care, custody or control by reason of his office, employment or membership, he shall be punished as if he had been convicted of larceny.

Sec. 2. If the property, or thing of value, embezzled belongs to several persons, owners or members of a society or voluntary association, it shall be sufficient, in the indictment or information, to allege the ownership to be in any one or more of any such persons, owners or members or in the society, association or partnership by its name."

The particular provision of the Constitution alleged to have been violated is that part of Section 16, Article III which declares that "each law enacted in the legislature shall embrace but one subject and matter properly connected therewith which subject shall be briefly expressed

in the title." It is claimed that the title to this act "An Act in Relation to the Crime of Embezzlement" is restrictive and misleading, and that the second section, having reference to a rule of pleading is outside the title. The title put the legislature on notice that the crime of embezzlement was before them for modification and the modification consists merely in enlarging the class of persons capable of committing the crime so as to include a certain class of persons of equal moral guilt, but whom previous legislation had not reached. The second section of the act is matter properly connected with the one subject, of which the legislature was duly advised. See State *ex rel.* v. Jacksonville T. Co., 41 Fla. 363. It is not altogether certain that this information would be bad without the aid of the second section, but we feel no hesitancy in sustaining the section against the attack made. If the attempt had been made in this section to change the rule of pleading as to other species of crimes than the one denounced in the first section, a different question would arise.

While embezzlement is a statutory, not a common law offense, yet the word "embezzle" has now acquired a technical meaning as has the synonomous or kindred phrase "fraudulently convert to his own use," and it is sufficient to charge the crime in the language of the statute, and tested by this language the information is sufficient. We are not permitted to read into the statute words in former acts applying to other classes of individuals, which have been industriously omitted and which if inserted would cause embarrassment if not annihilation of the statute so construed. When the act of fraudulently converting to one's own exclusive use the property which one owns jointly with others, is sought to be made a crime, the legislature might well dispense, as was done here, with the

allegation of want of consent of the owner, or of the demand and refusal to pay that is requisite as to certain classes of bailees; nor is it essential to the crime of embezzlement that the term of office of the fraudulent convertor has expired, the offense may be complete during the tenure, even though subsequently the defaulter may be able to make up the deficiency.

No bill of particulars was applied for and the crime was charged in language sufficiently clear and definite to apprize the accused and as a predicate for a plea of former acquittal or conviction and the motion in arrest was properly overruled.

Exceptions were taken to various rulings and remarks by the court at the trial, but beyond a general caution to the trial judge against a possible intimation to the jury of his own views as to the weight to be given to particular evidence admitted or to the credibility of any particular witness, we shall treat specifically only a few of the assignments based on these exceptions.

The defendant sought on cross-examination of certain State witnesses, who were members of the Union, after the fact was elicited that the treasurer was bonded in a guaranty company, their understanding as to the position of the company and its refusal to indemnify the Union for the loss unless the accused be convicted. If these witnesses so understood the situation, this might go to their bias and interest and should have been admitted. In view of the subsequent admissions by the defendant we might hesitate to reverse on this ground alone, but the refusal to permit the question to be answered was erroneous.

The State introduced evidence tending to show that the defendant was in straightened circumstances just prior to

the time when he should have accounted to the Union for the funds with which he was chargeable and he should therefore have been permitted freely and fully to disclose his actual financial condition at that time, without comments from the court limiting the evidence and confining it solely to "the purpose of showing a part of his personal history" or as "tending to show his personal history in connection with the questions formerly asked by the solicitor, nothing else."

The allowance of leading questions is within the discretion of the trial court and not subject to review by us.

Evidence was rejected which it is claimed should have been admitted as part of the *res gestae,* but without setting it out we think it properly rejected, either as hearsay or as self serving declarations.

What we have said in the discussion of the information disposing of the contention of the plaintiff in error that the instructions requested should have been given. They were properly rejected.

For the error pointed out the judgment is reversed and a new trial awarded.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.