Collier v. State.—Syllabus.

---

JOHN COLLIER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*:

The evidence examined and found sufficient to sustain a verdict of guilty of entering without breaking, a railroad car with intent to commit a misdemeanor.

This case was decided by the court En Banc.

Writ of Error to the Criminal Court of Record for Volusia County.

The facts in the case are stated in the opinion of the court.

*Landis & Fish,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

COCKRELL, J.—This case was assigned to Division A, but there being a difference of opinion among its members, was referred to the whole court sitting in a body for decision.

John Collier was adjudged guilty in the criminal court for Volusia county of the crime of entering without breaking a railroad car with intent to commit a misdemeanor, to-wit, to steal property of the value of $2.60. He was sentenced to imprisonment in the state prison for a period of one year and upon writ of error thereto assigns the sufficiency of the evidence to support the verdict.

From the evidence it appears that a railroad car had been entered and about thirty packages of Colgan's Taffy Chewing Gum was taken from a jar that had been broken, also about three pounds of cheese. The next morning Collier was found near the car with about thirty packages of the identical kind of gum on his person and while being taken to custody threw out of his pocket furtively paper which was subsequently gathered up and ascertained to be wrappings of this particular kind of gum, and upon the floor of the room where he was arrested and immediately behind where he sat there was a "great deal" of chewing gum which he had thrown down.

While the accused denied the entry and stealing, the only attempt at explanation of the possession of the large quantity of this particular kind of chewing gum, is that several days before he had purchased at Sanford some juicy fruit chewing gum. The jury found this explanation unsatisfactory and we do not feel disposed to interfere with this finding.

There may be a slight discrepancy in that the state may have overproved its case by showing that more chewing gum was found on the person than was taken from the car. The discrepancy is apparent rather than real. The evidence is not that exactly thirty packages were found at the subsequent search while a "great deal" of gum was thrown away in the room; but that "about" thirty packages were taken and the "great deal" of gum found in the room is undoubtedly a relative term, not fully explained, and may legitimately come within the limits of excess over thirty covered by the qualification of "about" previously mentioned.

The judgment is affirmed.

SHACKLEFORD, C. J., TAYLOR. HOCKER and PARKHILL, JJ., concur;

(WHITFIELD, J., dissents.)