DAVID THOMPSON, *Plaintiff in Error*, v. THE STATE OF
FLORIDA, *Defendant in Error.*

1.  Where it is shown that a building has been entered and prop-
    erty stolen therefrom, and soon thereafter the property is
    found in the possession of the person charged with entering
    the building with intent to steal, such possession unexplained
    may warrant the jury to infer guilt of the crime of entering
    the building with intent to steal.  The guilt of the accused
    does not follow as a presumption or conclusion of law from
    the unexplained possession of property recently stolen, but
    an inference of guilt as a matter of fact may be drawn there-
    from by the jury to be considered by them in connection with
    the other evidence.

2.  The identity of stolen money may be determined by the jury
    from circumstantial evidence.

3.  Where there is testimony from which the jury might legally
    have inferred all the essential elements of the crime charged,
    and it does not appear that the jury were influenced by con-
    siderations other than the evidence, a verdict of guilty will
    not be disturbed.

4.  Where the bill of exceptions shows that all the charges given
    by the court to the jury are not brought to the appellate
    court, a mere refusal to give a requested charge will not be
    held error since even if the requested charge is correct in
    terms, a charge sufficiently covering the point may have been
    given.

5.  Any legal evidence from which the jury may legitimately
    deduce guilt or innocence is admissible, if, when taken with
    other evidence in the case, its relevancy appears.

6.  Where larceny of money is at issue, evidence tending to show
    that the defendant had no money before and considerable
    money after the larceny, is admissible to be considered with
    other circumstances in the case.

7.  Where money found on a defendant corresponds in descrip-
    tion with stolen money the circumstance may be relevant in
    an issue involving larceny of the money.

Thompson v. State—Opinion of Court.

8. Applications for a new trial on the ground of newly discovered evidence should be supported by affidavits setting up all the necessary facts, as required by repeated decisions of this court.

This case was decided by Division A.

Writ of Error to the Criminal Court of Record, Dade County.

The facts in the case are stated in the opinion of the court.

*John C. Gramling,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—The plaintiff in error was convicted in the Criminal Court of Record for Dade County of the crime of breaking and entering a store building with intent to steal.

On writ of error it is contended that the verdict is contrary to law and the evidence. There is evidence that the building was broken and entered and that the day after the breaking and entering the accused was found in possession of money that was identified as the money stolen from the house. It does not appear that the accused gave any account of his possession of the money when it was found in his purse and in his shoes, and his account given at the trial apparently did not raise in the minds of the jury a reasonable doubt of the defendant's guilt.

Where it is shown that a building has been entered and property stolen therefrom, and soon thereafter the property is found in the possession of the person charged with entering the building with intent to steal, such possession unexplained may warrant the jury to infer guilt

of the crime of entering the building with intent to steal. The guilt of the accused does not follow as a presumption or conclusion of law from the unexplained possession of property recently stolen, but an inference of guilt as a matter of fact may be drawn therefrom by the jury to be considered by them in connection with the other evidence. Collier v. State, 55 Fla. 11, 45 South. Rep. 753; Lamps v. State, 51 Fla. 51, 40 South. Rep. 180; Roberson v. State, 40 Fla. 509, 24 South. Rep. 474; Rimes v. State, 36 Fla. 90, 18 South. Rep. 114; Leslie v. State, 35 Fla. 171, 17 South. Rep. 555; Tilly v. State, 21 Fla. 242. See also State v. Brady, 121 Iowa 561, 97 N. W. Rep. 62, 12 L. R. A. (N. S.) 199.

The identity of stolen money may be determined by the jury from circumstantial evidence.   McDonald v. State, 56 Fla. 74, 47 South. Rep. 485.

While the evidence in this case may not be regarded as conclusive, there is testimony from which the jury might have inferred all the essential elements of the crime alleged in returning a verdict of guilty against the accused and as it does not appear that the jury were influenced by consideration other than the evidence the verdict will not be disturbed.   See McDonald v. State, *supra.*

The court charged the jury that if they do not believe from the evidence beyond a reasonable doubt that the defendant broke and entered the store house with intent to commit a felony to find the defendant not guilty; and refused to charge at defendant's request that the jury must believe from the evidence to a moral certainty that the defendant broke and entered the store house before they can find the defendant guilty.

As the bill of exceptions shows all the charges given by the trial court are not brought here the mere refusal to give the requested charge cannot be held to be error, for a charge sufficiently covering the point may have been given

even if the charge first quoted above is not sufficient of itself.

A witness was asked if he knew of the defendant's "general financial condition." This question was objected to because irrelevant, because defendant had not been connected with the crime and because it would prejudice the jury. .The objection was overruled and an exception taken. It is urged that this is an irrelevant inquiry into the defendant's financial condition to his injury. Any legal evidence from which the jury may legitimately deduce innocence or guilt is admissible, if when taken with other evidence in the case its relevancy appears. See Milton v. State, 40 Fla. 251, 24 South. Rep. 60; Mobley v. State, 41 Fla. 621, 26 South. Rep. 732; Reynolds v. State, 52 Fla. 409, 42 South. Rep. 373.

Where the larceny of money is at issue evidence tending to show that the defendant had no money before a larceny and considerable money after is admissible, since a sudden and unexplained possession of means about the time the larceny was committed has the tendency to connect the defendant with the crime where there are other circumstances to support it. See Perrin v. State, 81 Wis. 135, 50 N. W. Rep. 516; Commonwealth v. Devaney, 182 Mass. 33, 64 N. E. Rep. 402; Leonard v. State, 115 Ala. 80, 22 South. Rep. 564; 2 Bishop's New Crim. Proc. p. 344; 18 Am. & Eng. Ency. Law (2nd ed.) 495. Where the money found on the defendant corresponds in description with that stolen the circumstance is clearly relevant. 1 Wigmore on Evidence, §154. The defendant was entitled to make a full disclosure of his financial condition. See Teston v. State, 50 Fla. 138, 39 South. Rep. 787.

The application for a new trial on the ground of newly discovered evidence was not supported by affidavits setting up the facts required by repeated decisions. See Mitchell v. State, 43 Fla. 584, 31 South. Rep. 242; How-

ard v. State 36 Fla. 21, 17 South. Rep. 84; Williams v. State, 53 Fla. 89, 43 South. Rep. 428.

This disposes of all the points properly presented.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.