ROY KILKREASE, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion filed July 17, 1928.

*Purl G. Adams* and *Philip D. Beall,* Attorneys for the Plaintiff in Error.

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, Attorneys for the Defendant in Error.

BROWN, J.—Plaintiff in error was convicted of breaking and entering a store building at Blackmon, Florida, and was sentenced to five years in the penitentiary.

There was no evidence whatsoever connecting him with the crime except that he was found to be in possession of a portion of the stolen property shortly after the crime was committed. He gave an explanation of how he came into possession of the merchandise which was corroborated by two witnesses. He also introduced evidence tending to establish an alibi by three witnesses which was uncontradicted. There was no attempt on the part of the State to impeach the testimony of any of these witnesses for the accused. The evidence that the plaintiff spent the night with some friends some miles away from the scene of the crime, on the night the crime was committed, was definitely placed as to the time by reason of a birthday celebration which had taken place on that date. No motive appears for any of these five witnesses to have perjured themselves and no reason appears from the record why the jury should have totally disregarded their testimony. The State made no effort to rebut it. We cannot reach any other conclusion but that the jury was influenced by something outside of the evidence in the case, for the evidence as shown by this record is not sufficient to sustain the conviction. While loath to set aside the verdict of the jury on the facts, something more than mere ground for suspicion should be shown before sending a young man to the penitentiary for five years who has never before been convicted of a crime. It is true that the unexplained possession by the accused

of goods recently stolen, is sufficient to sustain a verdict of guilty. Also the same rule applies where the accused undertakes to explain such possession, but the jury does not believe such explanation. Bargesser v. State, 116 So. R. 11. But when the accused goes further, and, in addition to his own explanation, proves that such explanation was true by two unimpeached witnesses, and in addition thereto offers satisfactory proof of alibi, and none of this testimony is impeached or rebutted, a different situation is presented. Collier v. State, 55 Fla. 7, 45 So. R. 752; Grooves v. State 83 Fla. 547, 92 So. R. 153; Bellamy v. State 35 Fla. 242, 17 So. R. 560; 36 C. J. 873, 876. Even the unexplained possession of property recently stolen does not raise a presumption of the plaintiff in error's guilt as a matter of law. The presumption of guilt in such a case is one that the jury may infer as a matter of fact when considered in connection with all the other circumstances of the particular case.

The State proved that there were tracks of two men and one woman found the next morning after the store was broken into, leading from where an automobile with tires of a certain tread had stopped near the store to the window that was broken, and back to the automobile, but no proof was offered that the defendant's tracks corresponded in any way with those found, or that he had ever had or driven an automobile equipped with tires of the sort indicated by the tire marks on the ground near the store, or that he had ever been seen in the vicinity where the crime was committed.

All the facts proved by the State might be true and yet the defendant entirely innocent. The only circumstance upon which if not satisfactorily explained, a verdict of guilt could have been legally founded was the possession of goods recently stolen, and as this circumstance was

credibly explained by the defendant and two other wit-, nesses, and not rebutted and strong alibi evidence offered by defendant, we conclude that there was not sufficient evidence to sustain the conviction.

Reversed.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL, J., concur in the opinion and judgment.

BUFORD, J., dissents.