FRANK EDGE, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion filed December 17, 1928.

A writ of error to the Circuit Court for Walton County; A. G. Campbell, Judge.

*W. T. Bludworth,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, C. J.—Frank Edge was convicted of breaking and entering the Walton County Court House with intent to steal the property of another of the value of less than fifty dollars.

The court house was broken into on the night of September 26, 1927, and an old gun taken away. The next morning the accused reported the matter to the janitor and said that during the night some one appeared on the court house grounds and when he hailed him and ordered him to stop the person dropped the gun and Edge recovered it and later carried it to his house. Not knowing what to do with it or where it came from except that it had been in the possession of one who acted suspiciously when Edge called to him, he reported the matter to the janitor.

It is not clear why Edge was on the court house grounds that night except that he had voluntarily offered to keep the fresh cement in a newly erected monument on the grounds wet during the night. It is advisable or customary to keep new cement work wet until the cement "sets."

The possession by a person of property which has been recently stolen from a building may be sufficient if unexplained to warrant a conviction of such person of the crime of entering the building with intent to steal. See Tilly v. The State, 21 Fla. 242.

There is however no presumption of law flowing from the unexplained possession of goods recently stolen that the possessor stole them. It is only when such possession is unexplained that guilt may be inferred as a matter of fact by considering such unexplained possession in connection with all the other circumstances of the case. See Rimes v.

State, 36 Fla. 90, 18 So. R. 180; Kilcrease v. State, 96 Fla., 264; 117 So. R. 862.

An important circumstance to be considered in this case is the prompt reporting of the incident which the accused said occured on the court house grounds that night and the voluntary production by him of the gun which he said he recovered and which was alleged to have been stolen. Such circumstance is certainly not consistent with a desire to appropriate the property, claim it as his own or conceal it. If the larceny was the purpose of entering the house the voluntary reporting of the supposed incident in which the accused recovered the gun and immediate production of it by him negatives the idea of any purpose to steal it. If there was no purpose to steal the gun there was a failure to prove the intention with which the house was entered.

The accused was not found in possession of the property in the sense that he had it secreted and some one else discovered it. He voluntarily reported it to the authorities.

His account of how he acquired it may not have been believed by the jury and the account may have been neither reasonable nor plausible but the fact inconsistent with the idea of larceny remains, viz: that he voluntarily produced the property and disclaimed any title or interest in it.

The evidence is not sufficient to sustain the verdict, so the judgment is reversed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J. AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.