STEVE MITCHEM v. STATE.

154 So. 213.
Opinion Filed April 16, 1934.

*D. Stuart Gillis,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—Upon writ of error to a conviction of breaking and entering with intent to commit a misdemeanor the sole question presented is the alleged error of the trial court in denying defendant below a new trial on the ground of insufficiency of the evidence to support the verdict.

The evidence we find in the bill of exceptions was of such probative force, nature and tendency as to warrant a jury composed of reasonable men to believe the defendant guilty as charged. Defendant undertook to give the jury a credible explanation why much of the stolen property was admittedly recently in his possession. The jury disbelieved his explanation and found him guilty. The explanation is not so clear and convincing as to its verity that this Court can say as a matter of law apparent from evidence as a whole that it was capriciously disregarded by the jury, whose province it was to believe it or not.

A verdict of guilty of larceny, or of the crime of breaking and entering to commit larceny, may be found by a jury upon the evidence furnished by the recent possession of the stolen goods alone, even though the State has not introduced any evidence to prove directly the falsity of defendant's attempted explanation of his alleged innocent possession of the stolen property, and even though the offered explanation may appear to the appellate court to be reasonable and highly plausible.

It is only where a reasonable and credible explanation by defendant has been offered to show that his possession of recently stolen property was innocent and it appears from the evidence as a whole to have been captiously disregarded by the jury, that a reversal of a judgment of guilt is warranted in this Court. Bargesser v. State, 95 Fla. 401, 116 Sou. Rep. 11; Kilcrease v. State, 96 Fla. 264, 117 Sou. Rep. 862; Davis v. State, 97 Fla. 987, 122 Sou. Rep. 579. We find no captious disregard of defendant's attempted explanation evidenced by the probative effect of the whole testimony in the record here, so the judgment must be affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.