CLEVE THOMPSON v. STATE.

169 So. 657.
Opinion Filed July 27, 1936.
Rehearing Denied Sept. 9, 1936.

*George S. Okell*, for Plaintiff in Error;

*Cary D. Landis*, Attorney General, and *Roy Campbell*, Assistant Attorney General, for the State:

PER CURIAM.—Plaintiff in error took writ of error to a judgment of conviction and sentence to imprisonment in the State penitentiary, upon an information charging that the accused did "unlawfully and feloniously break and enter" a "store building * * * with intent to commit a felony therein, to-wit Grand Larceny."

"Where it is shown that a building has been entered and property stolen therefrom, and soon thereafter the property is found in the possession of the person charged with entering the building with intent to steal, such possession unexplained may warrant the jury to infer guilt of the crime of entering the building with intent to steal. The guilt of the accused does not follow as a presumption or conclusion of law from the unexplained possession of property recently stolen, but an inference of guilt as a matter of fact may be drawn therefrom by the jury to be considered by them in connection with the other evidence."

"Where there is testimony from which the jury might legally have inferred all the essential elements of the crime charged, and it does not appear that the jury were influ-

enced by considerations other than the evidence, a verdict of guilty will not be disturbed." Thompson v. State, 58 Fla. 106, 50 So. 507.

There is evidence legally insufficient to sustain the verdict and there is nothing to indicate that the jury were not governed by the evidence adduced.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.

BROWN, J. (concurring).—Plaintiff in error contends that this case should be reversed on authority of Kilkrease v. State, 96 Fla. 264, 117 So. 862, but the evidence here does not quite measure up to that in the Kilcrease case, and would not authorize us in reversing the verdict and judgment.