PER CURIAM.
The appellants are Eugene F. Puntasecca and Anthony C. Franco, whose real name is Henry Scelza. They were each charged in the same information with the offenses of breaking and entering a building and grand larceny. At their arraignment each pleaded not guilty. They were jointly tried and each was found guilty as to the two counts by a jury. During the course of the trial the appellants each moved for a directed verdict which motions were denied. Their motions for new trial were also denied whereupon this appeal was taken.
We will consider first the appeal of Eugene F. Puntasecca. The only question raised is the sufficiency of the evidence. The crux of appellant’s argument is that he was not proved present at the breaking and entering or at the time the stolen goods were transported away. Notwithstanding appellant’s contentions, we find that it was proved that the defendant participated in the plan and was discovered in possession of a part of the stolen goods for which no explanation was offered by the defense.
The judgment of guilty as to Eugene F. Puntasecca must be affirmed upon authority of the rule stated in Edge v. State, 96 Fla. 796, 119 So. 332 (1928) which is set forth as follows:
“There is * * * no presumption of law flowing from the unexplained possession of goods recently stolen that the possessor stole them. It is only when such possession is unexplained that guilt may be inferred as a matter of fact by considering such unexplained possession in connection with all the other circumstances of the case. See Rimes v. State, 36 Fla. 90, 18 So. 114; Kilcrease v. State [96 Fla. 264] 117 So. 862.” 119 So. at 333.
We consider next the appeal of Anthony C. Franco. The first question raised is the sufficiency of the evidence. Appellant urges that the evidence against him was entirely circumstantial and as such was not sufficient to support his conviction because it was not conclusive as to the proof of intent.
It was proved that on October 23, 1962, an employee of a toy store discovered that a warehouse leased by the store and which was supposed to be full of merchandise was actually empty. There was evidence indicating that the warehouse had been broken into. It was then proved that certain trucks were observed removing the merchandise from the warehouse on October 23, 1962. It was established that the trucks were rental trucks which had been rented by the defendant Franco. Franco admitted his true name ws Scelza and that he had used the name Franco to rent the trucks after having been given a chauffeur’s license with that name on it. Franco testified that the chauffeur’s license was given to him by a person named Moscatdino who was deceased at the time of the trial.
It was further established that the appellant Franco was employed as a manager and cook at an establishment known as the Outpost Restaurant and Lounge. The stolen goods were transported from the place of the theft to a storage room next door to the Outpost Restaurant and Lounge. They were then transported in a series of trips from the storage room to a prospective customer. This latter transportation included loading operations at the storeroom next to the lounge which were all witnessed by the appellant Franco who was observed to be closely watching the operation.
At the time of his arrest the appellant Franco disclaimed any knowledge of the rented vehicles. At trial he testified that he was the person who rented the trucks but that he had done so for Moscardino.
Franco’s contention that the evidence is insufficient to show his knowing participation in the crime cannot be sustained in view of the fact that his close connection with the crime has been demonstrated, together *887 with the fact that he attempted to protect his co-participants until such time as they were arrested. The appellant Franco relies upon the cases of Rivers v. State, 140 Fla. 487, 192 So. 190 (1939), and Guarino v. State, Fla.App.1961, 133 So.2d 596. He urges that in each of these cases the circumstantial evidence was not sufficient to show that the defendant was a knowing participant in the crime charged. In each of these cases there was no evidence of participation by the defendant in the commission of the offenses charged. The sole evidence was that the appellants were seen in the company of their co-defendants. However, in the case under consideration it is clear that the appellant participated in a key transaction necessary for the commission of the crime and that he was aware of the use of the trucks for the purpose of transporting the stolen goods. We, therefore, hold the evidence is sufficient to sustain the conviction.
The appellant Franco presents one additional point in which he urges that a mistrial should have been declared by the court on its own motion when it was revealed during the trial in the presence of the jury that Franco’s co-participant Mos-cardino was murdered. An examination of the record reveals that this contention is true and an objection to such testimony was sustained; however, no motion for mistrial was directed to this comment. Furthermore, a review of the factual situation involved does not indicate that the reference was necessarily prejudicial to the defendant Franco. The reference does not therefore constitute a fundamental error for which this Court should reverse without the matter having been presented to the trial court who was fully cognizant of the circumstances.
Having reached the conclusion that the appeals of Eugene F. Puntasecca and Anthony Franco do not in any case present reversible error, the judgment and sentence is in each instance affirmed.
Affirmed.