322 So.2d 74 (1975)
Alfred ARONOVITZ, As Trustee, Appellant,
v.
STEIN PROPERTIES, a Partnership, Appellee.
No. 74-1606.
District Court of Appeal of Florida, Third District.
November 4, 1975.
Rehearing Denied December 3, 1975.
Aronovitz & Weksler, Miami, for appellant.
Philip J. Mandina, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
Appellant trustee, defendant in the trial court, brings this appeal from a final judgment of the trial court awarding appellees, plaintiffs below, a money judgment pursuant to a deposit receipt contract.
*75 On April 11, 1974, appellees filed a complaint in the Circuit Court of Dade County wherein the name of the plaintiff was set forth as "Stein Properties, a partnership." This was the only description of the plaintiff in the complaint. The record further shows that the name Stein Properties was not registered pursuant to § 865.09, Fla. Stat., F.S.A., the Florida Fictitious Name Statute.
Among the several assignments of error set forth by appellant are two which we feel are dispositive of this appeal. First, appellant contends that the trial court erred in failing to grant his motion to dismiss the complaint due to appellees' failure to register the name Stein Properties as required by the Fictitious Name Statute and, two, that the trial court erred in allowing the cause to proceed to trial where only the partnership, i.e., Stein Properties, was named as plaintiff in the complaint.
Section 865.09(3), Fla. Stat., F.S.A., provides that it shall be unlawful for any partnership to engage in business in this state under a fictitious name unless such name is properly registered with the clerk of the circuit court of the county in which its principal place of business is located. Section 865.09(5), Fla. Stat., F.S.A., provides that the penalty for the failure to comply with this law shall be that neither the business nor the members nor those interested in doing such business may maintain suit in any court of this state as a plaintiff until this law is complied with.
Here it is undisputed that Stein Properties was a partnership doing business in this state and we find that the name "Stein Properties" is a "fictitious name" as that term is defined in § 865.09(2)(b), Fla. Stat., F.S.A., because it did not reasonably reveal the names of the partners to appellant. Therefore, since the record shows that Stein Properties was not registered under the Fictitious Name Statute, it may not maintain a suit in any court of this state as plaintiff. However, the failure of appellees to comply with the statute does not prevent the trial court from taking jurisdiction of the cause, but it does act as an inhibition against allowing appellees to prosecute their complaint until the requirements of the statute are met. Payne v. Payne, Fla.App. 1967, 201 So.2d 590; Mileage Realty Co. v. Miami Parking Garage, Inc., Fla.App. 1962, 146 So.2d 403; Cor-Gal Builders, Inc. v. Southard, Fla.App. 1962, 136 So.2d 244; see 1962 Op.Att'y Gen. 062-112, and 1957 Op.Att'y Gen. 057-283; and cf. Cruse v. Wilson, Fla. § 1957, 92 So.2d 270.
Secondly, appellant contends that a partnership cannot sue in its company or firm name, but must sue in the names of the individuals comprising it. As stated above, the complaint filed by appellees designated only "Stein Properties, a partnership" as the plaintiff. We agree with appellant's contention.
Since the common law does not recognize a partnership as a legal entity distinct from and independent of the persons composing it, a partnership cannot, as such without statutory authority, sue in its firm name. All actions by a partnership must be brought in the names of its individual members. Johnston v. Albritton, 1931, 101 Fla. 1290, 134 So. 563; I. Epstein & Bros. v. First Nat. Bank, 1926, 96 Fla. 796, 110 So. 354; and 24 Fla.Jur., Partnership, § 191. Even though our Legislature in 1972 adopted the Uniform Partnership Act, § 620.56 et seq., Fla. Stat., F.S.A., we can find no authority in the Act which would permit a partnership to sue in its firm name. In the instant case, since each partner had an interest in the deposit receipt contract sued on arising out of a partnership transaction, each partner was an indispensable party to the complaint seeking its enforcement. Therefore, the trial court should have granted appellant's motion to dismiss for failure to join an indispensible party.
We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of *76 law, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is reversed and remanded for further action not inconsistent with this opinion.
Reversed and remanded.