INCOMCO, a partnership, Plaintiff-Appellant,

v.

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Defendant-Appellee.

No. 77–1309
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Leonard Toboroff, New York City, Schwartz, Klein & Steinhardt, N. Miami Beach, Fla., for plaintiff-appellant.

Steven A. Edelstein, Edward J. Atkins, Laurence A. Schroeder, Miami, Fla., for defendant-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

THORNBERRY, Circuit Judge:

Incomco, a New York partnership, filed this suit in the Southern District of Florida, asserting that Southern Bell Telephone Company had wrongfully terminated or interrupted service to its Miami office. The amended complaint sets out four causes of action based on the termination, sounding in tort and contract. The sole basis claimed to establish federal jurisdiction arises from 47 U.S.C. §§ 206, 207. Those sections provide:

> Section 206. Carriers' liability for damages
>
> In case any common carrier shall do, or cause or permit to be done, any act, matter, or thing in this chapter [Chapter V of the Communications Act] prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing in this chapter required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter, together with a reasonable counsel or attorney's fee to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case.
>
> Section 207. Recovery of damages
>
> Any person claiming to be damaged by any common carrier subject to the provisions of this chapter [Chapter V of the

Communications Act] may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.

After preliminary maneuvers by the parties, the district court struck plaintiff's claims under §§ 206, 207, holding under F.R.Civ.P. 11 that "as a matter of law," these claims were "without substance" and were "sham." The court then dismissed the remainder of the complaint for plaintiff's failure to comply with the Florida Fictitious Name statute, F.S.A. § 865.09 (1975). The plaintiff appeals. We affirm.

Plaintiff characterizes the dismissal as grounded on a finding of no federal jurisdiction under 47 U.S.C. §§ 206, 207. Citing *Ivy Broadcasting Co. v. A.T.& T.*, 391 F.2d 486 (2 Cir. 1967), and *Kaufman v. Western Union*, 224 F.2d 723 (5 Cir. 1955), *cert. denied*, 350 U.S. 947, 76 S.Ct. 321, 100 L.Ed. 825 (1956), plaintiff asserts that there is federal jurisdiction for breach of contract in the provision of telephone and telegraph services.

Even if *Ivy Broadcasting* and *Kaufman* so hold, the issue we face here is not whether the federal courts have jurisdiction of this case, but whether the district court properly struck the claims under §§ 206, 207 as sham.

Several depositions have been presented and adopted into this case. These depositions show that when plaintiff began to do business in Florida, it agreed to assume the overdue past telephone obligations of its predecessor, but later repudiated that agreement and deducted from payments on

its own account the amount already paid against the prior debt. This, according to Southern Bell, amounted to a breach of plaintiff's obligations and caused plaintiff to fall into default in payment on its own account. Accordingly, Southern Bell terminated service to plaintiff for two or three days. Afterward, plaintiff ceased to do business in Florida under the name "Incomco," but retained a Florida agent.

■ F.R.Civ.P. 11 provides that, where there is not "good ground" to support a pleading, the court may strike the pleading as a sham and false. The action then may proceed as though the pleading had not been served. This procedure should be used sparingly and only in compelling situations.

■ In the present case, there has been presented absolutely no ground that could support an action under §§ 206, 207 as a violation of Chapter V of the Communications Act. The matters in issue are governed by the telephone company's Florida tariff, and are not subject to regulation under the Communications Act. 47 U.S.C. § 221. There are no other grounds or facts asserted that could support any violation of the Communications Act. Accordingly, we find no error in the district court's decision to strike the §§ 206, 207 claims.

■ Once those claims fell out of the action, the suit became a diversity suit, and the district court properly dismissed the remainder of the complaint for the defendant's failure to comply with the Florida Fictitious Name statute. Without question, plaintiff failed to comply with the statute. The penalty for such noncompliance is incapacitation to bring or defend suits in Florida court. *See Aronovitz v. Stein Properties*, 322 So.2d 74 (Fla.Ct.App. 3d Dist. 1975).[1]

Accordingly, the judgment of the district court is AFFIRMED.

1. Incomco argues that the Florida Fictitious Name statute does not apply to its ability to bring this suit, since Incomco no longer does business in Florida under that name. We reject that argument since the relevant facts here took place while Incomco was doing business under its own name, which was an unregistered fictitious name. To allow such an unregis-

tered partnership to sue on the basis of such facts, even though it subsequently changed its form of business dealings, would eviscerate the deterrent purpose of Florida's declaration that the users of fictitious names not registered in Florida may not sue or defend from suit in Florida.