PER CURIAM.
Plaintiffs appeal from the dismissal of their complaint for failure to join indispensable parties. Plaintiffs sued defendant, alleging that plaintiffs and defendant were members of a joint venture to build a house on certain real property and to share the profits. This suit was to foreclose an alleged mechanic’s lien and for compensatory and punitive damages caused by an alleged breach by defendant of the joint venture agreement. We reverse.
We disagree with defendant’s contention which, citing Aronovitz v. Stein Properties, 322 So.2d 74 (Fla. 3d DCA 1975), is that each member of the joint venture must have been named as a party defendant because the suit is against the joint venture and joint ventures are bound by the law as to partnerships in that respect. The suit was against defendant in whose name the property was held and not against the joint venture.
We also disagree with defendant’s contention that Dexter Daniels, Jr. was an indispensable party because he had put the property into defendant’s name pursuant to an agreement between Daniels and defendant that Daniels would be paid $8,000 from the profits on the sale of the property. The property was not in Daniels’ name, and there was no showing that Daniels asserted any claim to the property. So far as the record shows, any claim of Daniels would be against defendant. Thus, any interest of Daniels in the subject of the controversy appears separable. See United States v. State of Florida, 179 So.2d 890 (Fla. 3d DCA 1965).
Reversed.
*358 DANAHY, C.J., LEHAN, J., and BOARDMAN, EDWARD F„ (Ret.) J., concur.