PERRIN, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 7, 1891 — February 2, 1892.*

CRIMINAL LAW AND PRACTICE. *(1–4) Change of venue. (5–10) Larceny: Evidence.*

1. Refusal to grant a change of venue on the ground of local prejudice cannot be held error where the affidavits in opposition to the motion make substantially as strong a showing as those in favor of it.

Perrin vs. The State.

2. After the denial of such a motion it was not error to refuse leave to file additional affidavits in support thereof, no reason being given for the failure to file them at the proper time, and the motion not being renewed or a new motion made.

3. With reference to the Ashland municipal court the fifteenth judicial circuit, which included Ashland county and all the counties contiguous thereto, was an "adjoining circuit," within the meaning of ch. 218, Laws of 1883. *Baker v. State*, 80 Wis. 416, followed.

4. Calling in the judge of an adjoining circuit as provided for in ch. 218, Laws of 1883, is a "change of venue," within the meaning of sec. 4680, R. S. (which provides that not more than one change of venue be awarded in any cause).

5. The refusal to strike out incompetent testimony is an immaterial error where the same facts were proven by other witnesses without objection and no attempt was made to contradict them.

6. On a trial for larceny of money, evidence to show that the defendant was financially in poor circumstances before the larceny, and that after it he had money to spend, was admissible.

7. The defendant being the bookkeeper of the bank from which the money was stolen while deposited there by the owner for safe-keeping, evidence that he had for some time been a defaulter to the bank, and that he had falsified the books to conceal that fact, was admissible as tending to show a motive for the larceny.

8. The cashier of the bank was asked, on cross-examination, whether he had not authorized the defendant to overdraw his account. The examination in chief not having been directed to that subject, it is *held* that this question was rightly excluded as not proper cross-examination.

9. The cashier having been examined as to the general condition of the accounts and balance-sheets of the bank and the alleged falsification thereof by the defendant, it was proper cross-examination to ask him whether he had not made to the state treasurer false and fictitious reports verified by his oath; but the exclusion of such question was not such an error as would work a reversal.

10. Secondary evidence is not admissible to prove the contents of a letter claimed to have been lost, until there is evidence that a proper search therefor has been made.

ERROR to the Municipal Court of *Ashland* County.

Information for larceny. The facts are stated in the opinion.

*Rublee A. Cole* and *G. W. Cate,* for the plaintiff in error.

Perrin vs. The State.

The *Attorney General* and *J. M. Clancey*, Assistant Attorney General, for the defendant in error.

The following opinion was filed November 17, 1891:

WINSLOW, J.    The plaintiff in error was convicted in the municipal court of Ashland county of larceny of about $39,000 from the custody of the Iron Exchange Bank of Hurley, an institution incorporated under the state laws, of which bank plaintiff in error was book-keeper.    The crime is charged to have been committed September 20, 1889, and is the same as that charged in the case of *Baker v. State*, 80 Wis. 416.    It was not claimed by the state that *Perrin* did the manual act of stealing, but that it was done by others, probably Baker, by virtue of a conspiracy with *Perrin*, who had the keys of the bank and knew the combination of the vault lock.    Although jointly informed against originally, Baker and *Perrin* obtained separate trials by means of a change of venue taken by Baker.    After Baker's trial in the circuit court for Ashland county, *Perrin* was tried and convicted in the municipal court of said county, and brings a writ of error to reverse the judgment rendered upon such conviction.

Numerous alleged errors are assigned.    Some of them are identical with errors alleged and disposed of adversely to the views of the plaintiff in error in the *Baker Case*. These will not be discussed here again.

It appears that upon the eve of the trial the plaintiff in error made a motion for change of venue on account of prejudice of the people, based upon numerous affidavits, which motion was opposed by the state by nearly an equal number of counter-affidavits.    The motion was overruled, and immediately thereafter the plaintiff in error " asked the privilege of the court to file additional affidavits, showing the prejudice of the people of said county against the defendant.    The court denied said motion, and the defendant

excepted." We see no error in either of these rulings. Certainly no error can be predicated on the refusal to change the venue, as there seems to have been substantially as strong a showing on the part of the state as on the part of the defendant; and it is to be noticed that the defendant did not, apparently, renew the motion or make a new motion for change of venue, but simply "asked the privilege of filing additional affidavits," without, apparently, giving any reason or showing any circumstances to excuse the failure to file such additional affidavits with his original motion. It seems like an attempt to make motions by piecemeal, and, while we do not hold that a motion for change of venue may not be renewed upon a new showing, we see no error in the refusal to allow a motion which has been passed upon to be bolstered up by additional affidavits, without any showing excusing the failure to file such affidavits at the proper time.

After these motions were disposed of, the plaintiff in error filed his affidavit alleging prejudice on the part of the municipal judge, Hon. L. A. CALKINS, and thereupon Hon. J. K. PARISH, circuit judge of the fifteenth circuit, was called in by the municipal judge to try the case in lieu of a change of venue. The plaintiff in error then filed his affidavit alleging prejudice on the part of Judge PARISH, and prayed a change of venue, which motion was denied, and the trial proceeded before Judge PARISH. Both of these rulings are alleged as error,— the first because it is claimed that Judge PARISH was not the judge of an adjoining circuit; and the second because, there having been no change of venue, the plaintiff in error was deprived of his right to one change of venue which the statute gives him. We have decided in the *Baker Case* that the fifteenth circuit was an adjoining circuit, within the meaning of the law, and we shall not review the point here.

The second point presents more difficulty. It was con-

tended that the calling in of another judge is not a change of venue, and consequently that the plaintiff in error, having had no change of venue, was not affected by sec. 4680, R. S.,[1] which provides that not more than one change of -venue shall be awarded in any cause. We cannot indorse this view of the law. Although the calling in of another judge is not strictly a change of venue, because it does not change the place of trial, still it accomplishes all the purposes legitimately aimed at by a change of venue for prejudice of the judge. It furnishes another presiding judge as effectually as if the place of trial was in fact changed. Now, if the contention of plaintiff in error in this behalf be sustained, it is put in the power of any defendant to practically nullify the act providing for the calling in of another judge. He may file an affidavit of prejudice against every circuit judge in the state, as fast as they are called in. Such a result would be ridiculous. Reason and justice require that we hold, as we do, that the words "change of venue," as used in sec. 4680, R. S., refer as well to the calling in of another judge as to the actual change of the place of trial.

We now proceed to the rulings made and exceptions taken during the actual trial.

A motion was made and overruled to strike out part of the testimony of one Phillips, a witness for the state, be-

---

[1] Sec. 4680, R. S., provides that the defendant in an indictment or information "may apply for a change of venue on account of the prejudice of the judge of the court where such indictment is found or information filed, . . . and it shall be the duty of the judge or court to which such application is made, to award such change of venue; but not more than one change of venue shall be awarded in any cause." Ch. 218, Laws of 1883 (sec. 4686a, R. S.), provides that when a change of venue in any criminal action shall be applied for on account of the prejudice of the judge, the court "may, in lieu of awarding a change of venue therein, make an order requesting the circuit judge of an adjoining circuit to hold the court where such action is pending," etc.— REP.

cause such testimony was based wholly upon the entries in a record book not kept by himself and not present at the trial.   It is unnecessary to state the nature of the evidence at length, or to pass upon the question raised.   The same facts were proven by two other witnesses without objection, and were not attempted to be contradicted.   If the ruling was erroneous it was not prejudicial.

Considerable testimony was admitted, against objection, tending to show the financial condition of *Perrin* prior to the larceny, and the condition of his account at the bank; also certain expenditures of money for various purposes which he made after the larceny,— the object being to show he was financially in poor circumstances before the larceny, and had money to spend after it.   This testimony was clearly admissible.   Testimony was also admitted tending to show that *Perrin* was in fact a defaulter to the bank in the spring and summer of 1889, in the sum of $1,660, and that he had falsified the books and accounts of the bank to hide the fact.   This was strenuously objected to, on the ground that it was proof of a crime for which he was not on trial, which on well-known principles is inadmissible.   It seems to have been admitted as tending to show a motive for the larceny in question.   The money stolen was not the money of the bank, but of third parties, who had placed it there for safe keeping only, during the night of September 20th.   Now, it may very well be that one of the objects which *Perrin* expected to accomplish by the larceny in question here was that he might be able to pay back to the bank the amount of his defalcations, which were likely to be discovered at any time, and thus destroy the evidence of his previous crime.   We think the evidence was proper as tending to show a motive.

Upon cross-examination of the witness Reynolds, who was cashier of the Iron Exchange Bank, and one of the principal witnesses for the state, he was asked whether he

had not authorized *Perrin* to overdraw his bank-account. An objection to this evidence, on the ground that it was not proper cross-examination, was sustained, and this ruling is alleged as error. We think the ruling was strictly correct. The direct examination of the witness had not been directed to this subject. Reynolds was also asked a number of questions concerning his reports to the state treasurer, and as to whether he had not made false and fictitious semi-annual statements verified by his oath. Objection to these questions, on the part of the state, was sustained. The witness had been examined at some length as to the general condition of the accounts and balance-sheets of the bank, and the alleged falsification thereof by *Perrin*, and we think this was proper cross-examination on the general question of his credibility. But we should not feel justified in reversing the judgment on this ground. An affirmative answer to the question would directly criminate the witness, and the only probable result of a new trial would be that the witness would either answer the question in the negative or insist on his privilege, and in neither event would there be any substantial change in the situation.

Exception was taken because the defense, on the cross-examination of the witness Goodland, was not allowed to prove by him the contents of a letter received from *Perrin*. It is sufficient to say as to the point that the proper foundation for the admission of secondary evidence was not laid. It appeared that the letter had been present at a former trial, and offered in evidence; but no proof was introduced showing that proper search for it had been made, and consequently, if for no other reason, the ruling was correct.

Other objections and exceptions appear in the record which we shall not attempt to state in detail. They relate mostly to matters of trifling importance, and after careful examination of the rulings so attacked, even conceding

some of them to have been erroneous, we cannot see how the defendant could have been prejudiced by them. No exceptions were taken to the charge of the court, and all of the instructions asked by defendant were given. Upon the whole case, justice seems to us to have been done.

*By the Court.*— Judgment affirmed.

A motion for a rehearing was denied February 2, 1892.

