## STATE V. FINDER.

Under Comp. Laws, § 7312, as amended by Laws 1891, Chap. 50, authorizing the presiding judge, when an affidavit of prejudice is filed, to call in another judge to try the case, it is reversible error for the judge from whom the change was taken to receive the verdict.

(Opinion filed January 24, 1900.)

Error to circuit court, Hughes county. Hon. LORING E. GAFFY, Judge.

Plaintiff in error was convicted of an assault, and brings error to this court.

This case was first determined by this court in an opinion found in 10 S. D. 103, 72 N. W. 97, in which opinion the judgment of the trial court was affirmed. A rehearing was subsequently granted. This opinion is upon the rehearing and the former decision is reversed and a new trial of the case ordered.

*Dillon & Sutherland,* for plaintiff in error.

*T. P. Estes,* State's Attorney, *Melvin Grigsby,* Attorney General, and *D. W. March,* for defendant in error.

CORSON, J. This case was decided at a former term of this court, and is reported in 10 S. D. 103, 72 N. W. 97. On application of the plaintiff in error, a rehearing was granted. Upon a re-examination of the case, we are of the opinion that the court in its former decision was in error in holding that the reception of the verdict by Judge GAFFY was only an irregularity. We are now satisfied that, when Judge GAFFY made the order calling in Judge CAMPBELL to try the case, he ceased to have any further jurisdiction over the cause, and in receiving the verdict of the jury he acted entirely without jurisdic-

tion.    This being so, the action of Judge GAFFY was ineffect-
ual for any purpose.    On further corsideration of Section
7312, Comp. Laws, as amended in 1891 (Chapter 50, Laws 1891),
we are satisfied that it was the intention of the law-making
power to clothe the judge called in to try the case with all the
powers of the circuit judge in that circuit for the trial of that par-
ticular cause, and to devest the presiding judge of that circuit
of all jurisdiction over the cause for all purposes affecting any
substantial right of the accused.    This seems to be the view
taking by the courts of states having a similar statute.    Clark
v. Rugg, 20 Fla. 861; Bear v. Cohen, 65 N. C., 511; Noffzieger
v. Reed (Mo. Sup.) 11 S. W. 315; Voullaire v. Voullaire, 45
Mo. 602; Lacy v. Barrett, 75 Mo. 469; Perkins v. Hayward, 124
Ind. 445, 24 N. E. 1033; Perrin v. State, 81 Wis. 135, 50 N. W.
516.    So much of our former opinion, therefore, as relates to
the reception of the verdict, is disaffirmed.    The judgment of
the circuit court is reversed, and a new trial ordered.