## STATE v. WILCOX.

Postponements in criminal actions, under Rev. Code. Cr. Proc. § 316, not being specifically provided for, must by the express provisions of section 643, be in accordance with the practice of the common law, except in so far as that practice may conflict with the state Constitution.

By Const. art. 6, § 7, providing that one accused of crime may have "compulsory process served for obtaining witnesses in his behalf," he is entitled to the presence of his witnesses if their presence be procurable, and this necessarly includes adequate means to secure their presence or the advantages which would flow therefrom.

The absolute right of an accused to the presence of his witnesses or the advantages which would flow therefrom does not exist with respect to a witness whose attendance cannot be compelled, but the court may, in its discretion, in case the witness is a non-resident of the state, continue the trial, if satisfied that the attendance or deposition of the witness will be procured, and, if satisfied that the witness' testimony would be material and that due diligence has been exercised to procure his attendance or deposition, the court may permit the state to avoid the continuance by admitting that the witness, if present, would testify as stated in the application.

Where an accused shows himself entitled to a continuance to obtain the testimony of an absent witness if the witness is within the state, or, being a resident of the state, if it is reasonably certain that his presence can be compelled at the time to which the trial would be postponed, it is clearly erroneous to permit the state to avoid the continuance by merely admitting that the witness, if present, would testify as alleged in the affidavit.

In any case a continuance to which an accused shows himself entitled by reason of an absent witness may properly be avoided by admitting the truth of the facts to which it is alleged such witness would testify.

Where it appears in a criminal case that due diligence has failed to procure the presence of a witness for the accused, but that it is reasonably certain his presence will be secured subsequently, a continuance can only be avoided by an admission of the facts to which it is shown the witness would testify, since the accused is entitled to a reasonable opportunity to secure the personal attendance of his witness.

Where an application for a continuance made at the same term at which the information was filed, showed that the alleged testimony of the absent witness was material, and would contradict the only direct evidence tending to connect defendant with the commission of the crime, that defendant knew of no other witness from whom the same evidence could be procured, and that the absent witness, a resident of the state, was at the time of the trial, and had been for 30 days prior thereto in a hospital in another state, temporarily insane, his case being a curable one, and it appears that there was no want of diligence in securing the witness' attendance, defendant was entitled either to a continuance or an admission of the truth of the facts alleged in the application, since there was a reasonable certainty that the witness' presence could be procured at the next

term; and it was error to permit the state to avoid the continuance by merely admitting that the witness, if present, would testify as alleged in the application.

(Opinion filed, January 7, 1907.)

Error to Circuit Court, Gregory County. Hon. E. G. SMITH, Judge.

M. D. Wilcox was convicted of grand larceny, and he brings error. Reversed, and new trial granted.·

*George A. Jeffers, D. H. Sullivan,* and *French & Orvis,* for plaintiff in error. *S. W. Clark, Atty. Gen., P. J. Donahue, State's Atty.,* for the State.

HANEY, J. Having been convicted of grand larceny, defendant brought the record of such conviction to this court for review by writ of· error.

It is contended the court erred in permitting the state to avoid a continuance, to which defendant was entitled, by consenting that the affidavit detailing the testimony an absent witness would give, if present, be read on the trial as evidence on defendant's behalf. The practice in the circuit courts of this state in criminal actions relating to postponements of the trial, not being specifically provided for in the Code of Criminal Procedure, must be in accordance with the practice of the common law, except in so far as that practice may conflict with the state Constitution. Rev. Code Cr. Proc. §§ 316, 643. Though continuances in criminal, as well as in civil actions, are commonly declared to be within the discretion of the trial court, subject to review only for abuse, where one accused of crime shows himself entitled to a continuance on account of an absent witness, an order permitting the state to avoid such continuance by admitting what the absent witness' testimony would be if present may involve something more than the exercise of discretion, namely, the absolute, substantial, constitutional right "to have compulsory process served for obtaining witnesses in his behalf." Const. S. D. art. 6 § 7. Such a one is entitled as a matter of right to the presence of his witnesses or every advantage of their presence, if their presence be procurable, and this necessarily includes adequate means to secure their presence or the advantages which would flow therefrom. Hence he is entitled, under

reasonable regulations, to process for witnesses anywhere within the state, and to reasonable opportunity to invoke the use of such process. "The law never requires impossibilities." Rev. Civ. Code, § 2430. State process cannot operate beyond state boundaries. So the absolute right under discussion does not exist with respect to a witness whose attendance cannot be compelled. In cases where the witness is a nonresident of the state the court may, in the exercise of a sound discretion, continue the trial if satisfied that the attendance or deposition of the witness will be procured; and if satisfied that his testimony would be material, that due diligence has been exercised to procure his attendance or his deposition, the court may permit the state to avoid the continuance by admitting that the witness, if present, would testify as stated in the application for continuance. This is so because the reading of the testimony, as stated in such application, will be as effective as would be the reading of the same testimony from a deposition, and a deposition is all the accused is entitled to as a matter of right. Where, however, the accused shows himself entitled to a continuance and the absent witness is within the state, or, being a resident of the state, it is reasonably certain that his presence can be compelled at the time to which the trial would be postponed, it is clearly erroneous to permit the state to avoid the continuance by merely admitting that the witness, if present, would testify as alleged in the affidavit. In harmony with this view a Missouri statute providing that the defendant shall not be entitled to a continuance where the state consents that the affidavit may be read as the testimony of the absent witness was properly held to be unconstitutional so far as it operates to deprive the defendant of the continuance, where he has unsuccessfully exercised all the diligence that the law requires, and his affidavit is in proper form. State v. Berkley, 92 Mo. 41, 4 S. W. 24. The trial court should first determine whether the defendant is entitled to a continuance; whether he has shown that the testimony of the absent witness would be material; whether he has used due diligence to procure the attendance of the witness or his deposition; and whether it is reasonably certain that his presence or testimony will be procured by the time to which the trial would be post-

poned. If the showing fails in either of these respects the application to continue should be denied. If the showing be sufficient in these respects the court should decide that the defendant is entitled to the continuance, and thereupon it will be in order for the state to avoid the same, if it shall so elect, by such admission as the circumstances may demand. In any case the continuance may properly be avoided by admitting the truth of the facts to which it is alleged the absent witness would testify   4 Ency. Pl. & Pr. 865. This is so because the admission places the defendant in a more advantageous position than he would be in were his witness present. But an admission that the witness, if present, would testify as alleged, will avoid the continuance only where it appears that there is no reasonable certainty of compelling the attendance of the absent witness within a reasonable period. If it appears that due diligence has failed to procure the presence of the witness and that it is reasonably certain his presence will be subsequently secured, the continuance can only be avoided by an admission of the facts to which it is shown he would testify, because the accused is entitled, as a matter of right, to a reasonable opportunity to secure the personal attendance of the witness. In the case at bar the court, in effect, and as we think properly, decided that the defendant was entitled to a continuance. It appeared that the alleged testimony was material; that such testimony would contradict the only direct evidence tending to connect defendant with the commission of the alleged crime; that defendant knew of no other witness from whom the same evidence could be procured; and that the absent witness, a resident of this state, was, at the time of the trial, and had been for 30 days prior thereto, in a hospital at Council Bluffs, Iowa, temporarily insane, his case being a curable one. The application was made at the same term at which the information was filed. There was, under the circumstances disclosed by the record in this court, no want of diligence in securing the witness' attendance. Being a resident of this state temporarily absent on account of a temporary illness, it was properly presumed by the court that the witness would return when restored to health. If he did so, he would be within the jurisdiction of the court, and subject to its process. There was

then a reasonable certainty that his presence could be procured at the next term, and defendant should have been given an opportunity to procure it. This being so, it was reversible error to permit the state to avoid the continuance to which the defendant was entitled by merely admitting that the witness, if present, would testify as alleged in the application.

As the evidence may be entirely different on a second trial, it is not deemed advisable to consider the contention that it was wholly insufficient to sustain this conviction, and we refrain from commenting further than to state that the conclusion relative to the continuance is less reluctantly announced than it would be were the evidence tending to connect the defendant with the commission of the alleged crime of a more satisfactory character.

The judgment of the circuit court is reversed, and a new trial ordered.