STATE Respondent, v. WILSON. Appellant.

(207 N. W. 656.)

(File No. 5858. Opinion filed March 12, 1926.)

1. **Criminal Law—Continuance—Witnesses—Court Rules—Denial of Continuance for Absent Witnesses Held Error, Though State's Attorney Admitted They Would Testify to Facts Set Forth in Affidavit (Trial Court's Rules 17 and 45).**

Refusal to grant defendant continuance because of absence of witnesses held reversible error, notwithstanding that state's attorney admitted in open court that such witnesses, if present,

would testify to facts set forth in defendant's affidavit; trial court's rules 17 and 45 being inapplicable.

2.  **Criminal Law—State's Attorney—Stipulations—State's Attorney Cannot Repudiate Stipulation, After Trial Has Begun, that Witnesses Would Testify to Facts as Set Forth in Affidavit for Continuance.**

Where state's attorney stipulated in open court that witnesses would testify to facts as set forth in defendant's affidavit for continuance, he could not be permitted to repudiate that stipulation after trial had begun.

Polley, J., dissents.

Note.—See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 600(2), 16 C. J. Secs. 854, 855; (2) Criminal law, Key-No. 600(2), 16 C. J. Sec. 862.

Appeal from Circuit Court, Tripp County, Hon. J. G. Bartine, Presiding Judge.

Claude Wilson was convicted of the unlawful possession of intoxicating liquor in a public place, and he appeals. Reversed.

*Windsor Doherty,* of Winner, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Brief Attorney, of Pierre, for the State.

GATES, P. J.  Defendant was convicted of the unlawful possession of intoxicating liquor in a public place. He appeals from the judgment and from an order denying a new trial.

[1, 2]  Before the trial began he moved for a continuance of the trial because of the absence of three witnesses. He filed an affidavit giving the names of the witnesses, their residence as Geddes, S. D., and setting forth, in substance, what their testimony would be. Thereupon the state's attorney admitted in open court that said witnesses, if present, would testify to the facts set forth in the defendant's affidavit, and by reason thereof the trial court denied the motion for continuance. Such ruling constituted error. Rule 17 of Trial Court's Rules (40 S. D. prelim. p. 23), which provides for such procedure in civil cases, has no application to criminal cases. Trial Court Rule 45. In State v. Wilcox, 114 N. W. 687, 21 S. D. 532, this court said:

"Where, however, the accused shows himself entitled to a continuance and the absent witness is within the state, or, being

a resident of the state, it is reasonably certain that his presence can be compelled at the time to which the trial would be post-poned, it is clearly erroneous to permit the state to avoid the con-tinuance by merely admitting that the witness, if present, would testify as alleged in the affidavit."

But the Attorney General says that, in view of the facts in this case, the ruling was not prejudicial, even though erroneous. We will not inquire into that. Even though, as stated by our colleague, the affidavit for continuance was false, yet having made a solemn stipulation in open court that the witnesses would so testify, the state's attorney could not be permitted to repudiate that stipulation after the trial had begun. State v. Roark, 23 Kan. 147; Briscoe v. Kinealy, 4 Mo. App. 595. If the affidavit was false, a charge for perjury would lie against the affiant.

In another portion of the opinion in State v. Wilcox, supra, this court said:

"Though continuances in criminal, as well as in civil actions, are commonly declared to be within the discretion of the trial court, subject to review only for abuse, where one accused of crime shows himself entitled to a continuance on account of an absent witness, an order permitting the state to avoid such continu-ance by admitting what the absent witness' testimony would be if present may involve something more than the exercise of discre-tion, namely, the absolute, substantial, constitutional right to have compulsory process served for obtaining witnesses in his behalf.' Const. S. D. art. 6 § 7. Such a one is entitled as a matter of right to the presence of his witnesses or every advantage of their presence, if their presence be procurable, and this necessarily in-cludes adequate means to secure their presence or the advantages which would flow therefrom. Hence he is entitled, under rea-sonable regulations, to process for witnesses anywhere within the state, and to reasonable opportunity to invoke the use of such process."

See, also, State v. Finder, 81 N. W. 959, 12 S. D. 423; State v. Thompson, 180 N. W. 73, 43 S. D. 425.

For the violation of appellant's substantial right above dis-cussed the judgment and order appealed from must be reversed.

It will be so ordered.

POLLEY, J. (dissenting). When defendant filed his affidavit stating what the testimony of the absent witnesses, if present, would be, the trial court and the state's attorney were obliged to assume that the affidavit was true and it was on this assumption that the state's attorney made his admission to avoid the continuance. Before the trial was reached the state's attorney learned that neither the defendant nor his counsel had seen any of the parties named in the affidavit, and knew nothing about what they would testify to if present, except that he had talked with one of them over the telephone who had told defendant what they would all testify to. It had also been learned that one of the parties named in the affidavit was not in the state, and his attendance could not be procured at all. It was also learned that the third party would not testify as stated in the affidavit. Under these circumstances it was right and proper for the state's attorney to object to the reading of the affidavit as the testimony of the absent parties, except the one with whom defendant had talked, and it was right and proper for the trial court to exclude said affidavit except as to such party.

A new trial was properly denied.