STATE, Respondent, v. WILSON, Appellant.

(221 N. W. 44.)

(File No. 5858. Opinion filed September 22, 1928.)

For former opinion, see 50 S. D. 3, 207 N. W. 656.

*Windsor Doherty,* of Winner, for Appellant.

*Buell F. Jones,* Attorney General, and *Bernard A. Brown,* Assistant Attorney General, for the State.

MORIARTY, C. This case is now before the court upon a rehearing. The former opinion in the matter will be found in 50 S. D. at page 3, 207 N. W. 656.

Upon the ground that the trial court erred in denying the defendant's application for a continuance, the former opinion re-

versed the judgment and order appealed from. The opinion states the ground of reversal as follows:

"Before the trial began he [the defendant] moved for a continuance of the trial because of the absence of three witnesses. He filed an affidavit giving the names of the witnesses, their residence as Geddes, S. D., and setting forth, in substance, what their testimony would be. Thereupon the state's attorney admitted in open court that said witnesses, if present, would testify to the facts set forth in the defendant's affidavit, and by reason thereof the trial court denied the motion for continuance. Such ruling constituted error."

It is undoubtedly the established rule in this state that the admission by the state that absent witnesses would testify as stated in the application for a continuance will not, in itself, justify the denial of the application. But it is also true that there is no statute or rule requiring the court to include in its order any statement of the grounds upon which the application is denied.

This being true, the question whether the trial court committed error in denying the application is to be determined, not by the recitals of the order, but by the consideration of all the facts which were before that court when it passed upon the application. In State v. Wilcox, 21 S. D. 532, 114 N. W. 687, the decision cited in the original opinion of this case, this court said:

"The trial court should first determine whether the defendant is entitled to a continuance, whether he has shown that the testimony of the absent witness would be material, whether he has used due diligence to procure the attendance of the witness or his deposition, and whether it is reasonably certain that his presence or testimony will be procured by the time to which the trial would be postponed. If the showing fails in either of these respects, the application to continue should be denied. If the showing be sufficient in these respects, the court should decide that the defendant is entitled to the continuance, and thereupon it will be in order for the state to avoid the same, if it shall so elect, by such admission as the circumstances may demand."

Under the rule so stated, it is only when the showing is in all respects sufficient that the question of the sufficiency of admission by the state arises. If the showings made by the defendant in this case were insufficient in any respect, then the opinion of the

trial court as to the admission required to avoid a continuance is of no importance.

The record and the appellant's brief present two questions, either of which might be determinative of this appeal:

First, did the trial court err in denying the appellant's application for a continuance?

Second, if there was error in such denial, does the record show that the error was prejudicial?

The question whether there was error in the denial depends almost entirely upon the diligence in attempting to secure the attendance of absent witnesses. While the record raises some close questions as to the sufficiency of appellant's showing of diligence and good faith in attempting to secure the attendance of these witnesses, we do not find it necessary to decide these questions on this appeal. In his affidavit made to secure a continuance the defendant makes the following statement:

"Claude Wilson, being first duly sworn, says he is the defendant in the above-entitled action; that John Uhlik, Harry Krietlow, and Joe Musilek, whose residences are Geddes, South Dakota, are necessary and material witnesses for this defendant, and without their testimony he cannot safely proceed with the trial of this action; that this defendant was arrested on the 13th day of October, 1924, while the present term of the circuit court was in session, and his preliminary hearing herein was held on October 14, 1925; that one Jim Novak is the principal witness for the state in this action, and is the only person to testify on said preliminary hearing to have seen any intoxicating liquor in the possession of this defendant in the Monarch Hotel in Winner, South Dakota; that he testified that he went into the office of said hotel and asked defendant to sell him some whisky, and the defendant went out into the washroom adjoining the office of the said hotel, and there gave him, the said Novak, a half pint of whisky, and he immediately went out of said building with said liquor; that each of the said witnesses above named, if present, will testify substantially as follows: That the said defendant, Claude Wilson, was sweeping out his front office in the said hotel in Winner, South Dakota, on the morning of October 13, 1924, and the said Jim Novak came into the said office, and walked up to the cigar stand, and purchased a cigar from the said defendant, Claude Wilson, and that he stood

there for just a minute or so, and then turned around and walked out the front door; that the said defendant, Claude Wilson, did not leave the front office of said hotel building at all while the said Jim Novak was in there, and he did not go out into the washroom, or outside of said office at all, while the said Jim Novak was in there."

But, after the trial which resulted in the judgment appealed from, the defendant made a motion for a new trial, and in support of that motion presented his own affidavit, and the affidavits of Harry Krietlow and Thurman Haymond. In his own affidavit Wilson states that:

"Finally, after the trial, he located Joe Musilek, and he now claims he just stepped out of the hotel as Jim Novak came in."

 This tends to show that the appellant was not prejudiced by his failure to secure the attendance of Joe Musilek at the trial.

As to the witnesses Harry Krietlow and John Uhlik, appellant's affidavit for a continuance stated that these two witnesses would swear to the following material facts:

That they were in the office of Wilson's hotel in the forenoon of October 13, 1924, when Novak came in; that Novak went up to the cigar case, bought a cigar of Wilson, "stood there for a minute or so, and then turned and went out the front door; that the defendant, Claude Wilson, did not leave the front office of said hotel at all while the said Jim Novak was in there, and he did not go out into the washroom, or outside of said office at all, while Jim Novak was in there."

Having particularly stated that the absent witnesses would testify thus, it may be presumed that he would have the affidavits subsequently secured from these witnesses come as near to these statements as the witnesses were willing to come. But the affidavits, so far as material, are as follows:

Harry Krietlow swears:

That he was in the hotel office at the time Novak came in, on the forenoon of October 13, 1924; that Wilson was sweeping the lobby when Novak came in; that Novak went to the cigar case and purchased a cigar of Wilson; "that Mr. Wilson immediately returned to the sweeping of the lobby; that this man with the defective eye [Novak] went into the washroom, returned to the lobby, stood a few minutes, and went out;" "that, during the time

he was in said hotel lobby, he had no other conversation or transaction with said Mr. Wilson, other than the purchase of the cigar."

The affidavit contradicts that of Wilson in stating that Novak did go into the washroom, as Novak testified that he did, and the Krietlow affidavit seems to avoid, somewhat studiously, the material question whether Wilson went into the washroom while Novak was there; all the statements of the affidavit being strictly limited to what took place while Novak was in the lobby.

As to the absent witness named in the affidavit for a continuance as John Uhlik, in his affidavit for a new trial Wilson says that since the trial he has learned that the person who signed his name on the hotel register as John Uhlik was in fact Thurman Haymond. The affidavit of Thurman Haymond states that he is 65 years of age, resides at Geddes, S. D., and is engaged in the business of market gardening. He makes no explanation of why it was necessary for him to register under an assumed name when he visited Winner. He states in his affidavit:

That he was in the lobby of Wilson's hotel just before noon on the 13th day of October, 1924; that at about 10 o'clock of said forenoon a man who had one eye missing, or apparently missing, came into the hotel lobby, and approached Mr. Wilson, and spoke to him in words that affiant did not understand, and Mr. Wilson thereupon went to the cigar case; that Mr. Wilson served the other man with a cigar, and immediately returned to sweeping the hotel lobby, "and for some time continued the same; that the man that affiant has heretofore mentioned as appearing to have only one eye, after purchasing the cigar, walked to a washroom connected with said office or hotel lobby, and some woman had just entered the washroom ahead of the man with one eye; that affiant did not see the one-eyed man leave the hotel, or, if so, does not recollect whether he left at the front door, or went out through some other door."

In this affidavit, as in that of Krietlow, the question whether Wilson went into the washroom while Novak was there is avoided. Indeed, Haymond, by stating that he does not recollect whether he saw Novak leave the hotel, shows that he cannot testify whether Wilson went into the washroom before Novak left the hotel.

These affidavits do not show that the affiants can give evidence material to appellant's defense. Both affiants corroborate

Novak's evidence that he entered the washroom; neither affiant states that Wilson did not go to the washroom while Novak was there. The presumption is strong that counsel preparing affidavits of this kind will prepare them in such manner as to make the showings as favorable to his client's contentions as the signers of the affidavits will allow. This being true, the record does not show that the appellant was prejudiced by the denial of his application for a continuance.

■ The record shows that during the progress of the trial the defendant's counsel offered to read to the jury defendant's affidavit stating what the witnesses Uhlik, Krietlow, and Musilek would testify to. The state's attorney objected to the reading of this, but his objection was overruled, and the contents of the affidavit were read to the jury. From this it appears that appellant got before the jury purported evidence of these three witnesses, which was much more favorable to appellant's defense than the actual evidence of those witnesses would have been, if they had been present and testified.

In the absence of prejudice, any error there may have been in the denial of appellant's application for a continuance cannot be considered reversible error. The other questions raised by appellant's brief do not seem to require discussion.

The judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.

CAMPBELL, J. (concurring specially). I still adhere to the views expressed by Gates, J., in the former opinion upon this case, as reported in 50 S. D. 3, 207 N. W. 656. I believe, however, that this court at that time failed sufficiently to consider the question of whether or not appellant, by his own showing upon motion for new trial, affirmatively established that he was not in fact prejudiced by the error complained of. With reference to that question I think the present opinion is correct, and therefore concur therein, without in any manner withdrawing my concurrence from any of the propositions of law established or approved by the former opinion.