MEVERDEN, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 9—March 6, 1951.*

*Jack J. Schumacher* of Shawano, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *O. Strossenreuther,* district attorney of Shawano county, and oral argument by *Mr. Platz.*

HUGHES, J. By special enactment, ch. 145, Laws of 1925, as amended by ch. 408, Laws of 1935, and ch. 391, Laws of 1937, the legislature increased the jurisdiction of the county court of Shawano county. Wis. Anno. (1950) p. 1867.

Counsel for the state relies upon secs. 2 and 33 as authority for the circuit court's transfer of the case to county court. These sections provide in part:

"Section 2. There is hereby conferred on the county court of Shawano county jurisdiction in all criminal actions and proceedings except those involving homicide, concurrent with and equal to the jurisdiction of the circuit court in said county. All examinations, recognizances, and commitments from or by an examining magistrate of said county in bastardy cases, and in all criminal actions, excepting charges of homicide shall unless objected to in writing by the defendant, be certified and returned to such county court, instead of to the circuit court for said county, within the time prescribed by law, . . ."

"Section 33. In actions or proceedings of which the county court is given jurisdiction by this chapter pending in the circuit court for Shawano county in which an affidavit of prejudice is filed against the circuit judge, the circuit judge shall transmit the record in the action to the county court for Shawano county and the same shall proceed to trial in said court in like manner, as if it had originally been brought in said court."

It is the contention of the respondent that this language makes mandatory the action taken by the circuit judge.

It is to be noted that sec. 1 of the special act gives general jurisdiction to the county court of Shawano county in practically all types of civil actions at law and in equity concurrent with the circuit court if the amount involved does not exceed $20,000. Such actions may be commenced in either court.

Sec. 4 provides that in Shawano county appeals from justice courts may be taken to either county or circuit court at the option of the appellant.

Sec. 5 provides that actions or special proceedings "now pending or hereafter commenced in the circuit court for Shawano county, which would be within the jurisdiction of the county court . . . may, by consent and stipulation of the parties . . . be transferred . . . to said county court."

Sec. 32 provides:

"Section 32. The general provisions of the statutes of Wisconsin and all the general laws which may at the time be in force relative to the circuit courts, and actions and proceedings therein, and in civil and criminal cases, shall apply also to the circuit court branch of said county court, unless inapplicable, and except as otherwise provided in this act; and the rules of practice prescribed or which may hereafter be prescribed by the justices of the supreme court for circuit court, shall, unless inapplicable, be in force in said county court; and the judge of said county court shall have power to punish for contempt in the same manner that the judges of circuit courts are or may be authorized by law to punish for contempts; and such county court shall have power to make and enforce such other rules of practice as may be necessary."

It thus appears that the provisions of sec. 33 apply to many types of civil actions, whether it applies to criminal cases or not. The act also indicates clearly that no rights of litigants were intended to be infringed; the general laws are acknowledged.

Sec. 356.03 (1), Stats. 1947, provides:

"Any defendant in an indictment found or information filed in any county may apply for a change of venue on account of the prejudice of the judge of the court, where such indictment is found or information filed in the manner provided by law for a change of venue in civil actions; and it shall be the duty of the judge or court to whom such application is made to award such change, but not more than one change of venue shall be awarded in any cause, . . ."

Counsel for the defendant contends that Judge DILLETT should have recognized the affidavit of prejudice and granted a change of venue. The state contends that one removal is all defendant is entitled to and he has had that by reason of the transfer from circuit court. It relies upon *Heath v. Mathiew* (1865), 19 Wis. *114.

There the action was brought in county court of Winnebago county; defendant filed an affidavit of prejudice against WASHBURN, the presiding judge, and the case was transferred to circuit court. Before the case was heard Judge WASHBURN became circuit judge. The defendant thereupon filed a second application for change of trial upon the grounds of prejudice of the judge. His application was denied and he appealed. The supreme court affirmed upon the ground that the change is a privilege and that when the statute is technically complied with the party filing the affidavit has no right to complain. The court said (p. *115):

"Section 17 of chapter 361, Laws of 1860, conferring jurisdiction in certain civil cases upon the county court of Winnebago county, provides that when a change of venue is allowed for the reason of interest or prejudice on the part of the judge, the cause shall not be remitted to another

county, but shall be removed to the circuit court of the same county. Section 9, chapter 123, R. S., further provides, that when the place of trial shall be changed as in that chapter provided, it shall be changed to some county where the causes complained of do not exist, and that no more than one change of the place of trial shall be awarded in any action. . . . This language is so plain and distinct as to preclude all doubt upon the subject. But one change of the place of trial can be had under the statute; and the fact that the county judge afterwards became the circuit judge, does not affect the question. The right of removal is given solely by the statute, and cannot be broader or other than therein prescribed. As the appellants had had one change of the place of trial, they were entitled to no more."

The weakness of this opinion is that it places emphasis upon the wrong provision. The legislative intent is that a person's right to a fair trial shall be preserved. The important language is that upon the filing of an affidavit of prejudice the "place of trial . . . shall be changed to some county where the causes complained of do not exist." It would be ideal if judges who have an interest or prejudice would disqualify themselves. The legislature recognized that, unfortunately, this does not always occur. It therefore provided by statute that one who feels that the particular judge will not be fair may file an affidavit of prejudice, and it thereupon imposed the duty upon such judge to transfer the case to a county where the "causes complained of do not exist."

The cause complained of in the county court in the *Heath Case* obviously existed in the circuit court, due to the peculiar circumstances there existing. We are of the opinion that the legislative intent was thwarted in *Heath v. Mathiew* on purely technical grounds.

It is apparent that when one has exhausted his right by filing the statutory affidavits, he cannot thereafter interfere with the judicial process by continuing to file affidavits against succeeding judges who may be called in. This, how-

ever, is because the legislature presumes that successive judges will not all be prejudiced. It does not mean that the right granted to litigants in the first instance may be defeated by judicial decree. For these reasons we conclude that the decision in *Heath v. Mathiew* must be overruled.

In the instant case, however, when the defendant filed an affidavit against Judge EBERLEIN and he transferred the case to county court before another judge, the cause complained of in the circuit court affidavit did not exist. The statute had been complied with and the defendant's statutory remedy was exhausted.

The sole remaining question, therefore, is whether the county court then had jurisdiction. We conclude that the jurisdiction granted to the county court of Shawano county in criminal cases depends upon the consent of the defendant, as evidenced by his failure to object in writing to being bound over to the circuit court branch. The defendant herein did not specifically object to being bound over to county court, but his request that he be bound over to circuit court must have been so regarded by all concerned because the county court, sitting as a magistrate, acted thereon and it was its duty to bind him over to county court, circuit court branch, unless objection was filed. The defendant in this case having so objected, the court was deprived of jurisdiction permanently.

The judgment of conviction is therefore reversed and the record remanded with instructions to transmit the case to the circuit court and for a new trial before a judge to be designated by the chairman of the board of circuit judges.

Because of the conclusion reached with respect to the jurisdiction of the court and because a new trial is necessary, we need not express any opinion with respect to the joinder of separate offenses in the same information.

*By the Court.*—Judgment reversed and cause remanded for further proceedings in accordance with this opinion.

The warden of the state prison will deliver defendant to the sheriff of Shawano county, who is directed to keep the said defendant in his custody until he is duly discharged therefrom or until otherwise ordered according to law.