STATE EX REL. AKAVICKAS, Petitioner, v. COUNTY COURT OF MARATHON COUNTY, Respondent.

STATE EX REL. NILLES, Petitioner, v. COUNTY COURT OF MARATHON COUNTY, Respondent.

STATE EX REL. WILLIAMS, Petitioner, v. COUNTY COURT OF MARATHON COUNTY, Respondent.

STATE EX REL. KUNDINGER, Petitioner, v. COUNTY COURT OF MARATHON COUNTY, Respondent.

*No docket number. Submitted March 15, 1977.—*
*Decided April 22, 1977.*
(Also reported in 252 N. W. 2d 386.)

For petitioner Akavickas: *Clinton A. Boone* of Wausau.

For respondent Marathon County Court: *Hon. Joseph Kucirek* of Wausau.

For petitioner Nilles: *James A. Simmons*, city attorney of Wausau.

For respondent Marathon County Court: *Hon. Joseph Kucirek* of Wausau.

For petitioner Williams: *Jerome P. Tlusty* and *Krueger, Thums, Tlusty & Hittner* all of Schofield.

For respondent Marathon County Court: *Hon. Joseph Kucirek* of Wausau.

For petitioner Kundinger: *D. Michael Hoerl* of Marshfield.

For respondent Marathon County Court: *Hon. Joseph Kucirek* of Wausau.

PER CURIAM. Orders having been issued on February 25, 1977, and on February 28, 1977, requiring the respondent to show cause why writs of prohibition should not issue, and the parties having filed memoranda thereon, and this Court being duly advised in the premises:

IT IS ORDERED that the action be resolved pursuant to the rationale of the Court's decision in *Baldwin v. State*, 62 Wis.2d 521, 215 N.W.2d 541 (1974), wherein it was stated that:

"A strict construction of Sec. 971.20, Stats.,[1] would deny in many cases the constitutional right to a fair trial because a defendant is unable at the time of arraignment to know what judge is to try his case." *Id.*, at 530.

The above quote from the *Baldwin* case indicates that a defendant has an opportunity to request a substitution of judge for a reasonable period of time after he learns specifically which judge will be assigned to his case. Applying that rationale to the case *sub judice*, the four defendants are entitled to a reasonable time after assignment to a particular judge becomes known to them in which to request a substitution of such judge.

---

[1] Sec. 971.20 controlled in *Baldwin* because that case was a criminal prosecution. Sec. 345.315(1) controls the instant case which is a traffic regulation matter. Nonetheless, the rationale underlying the substitution of a judge is the same in both cases— the constitutional right to a fair trial. Accordingly, what was said in *Baldwin* applies to the case at bar.

Sec. 345.315(1) provides that a substitution request be filed not later than seven days after the return date of the citation. This period should thus be applied to allow seven days after defendants learn of which judge will be hearing their case in which to request a substitution of judge.

IT IS ORDERED that a writ of prohibition issue directing the County Court of Marathon County, the Honorable Joseph Kucirek, presiding, to promptly request assignment of another judge to the proceedings in the four above-captioned traffic regulation cases.